# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CHRISTI C. FREE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:15-cv-02404-SHM-tmp |
| ) | |
| FEDERAL EXPRESS CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court are the parties' motions in limine. Plaintiff Christi C. Free filed her first, second, and third motions in limine on January 14, 2019. (ECF Nos. 87, 88, 89.) Free asks the Court to: (1) exclude testimony and other evidence about findings from internal investigations prompted by Free's complaints and any Executive Committee, Appeals Board, or legal department analysis of Free's claims; (2) preclude Defendant Federal Express Corporation (FedEx) from putting on Kathy Howell and Marie Harper's testimony; and (3) exclude testimony about Free's prior lawsuit against FedEx. (Id.) FedEx responded on January 18, 2019. (ECF Nos. 95, 96, 97.)

FedEx filed its first, second, third, and fourth motions in limine on January 14, 2019. (ECF Nos. 85, 86, 90, 91.) FedEx asks the Court to: (1) exclude "other acts" evidence; (2) exclude

evidence about Free's retaliation claim and about her non-selection for the July 2013 Global Operations Control (GOC) Manager position; (3) exclude evidence from non-party witnesses about FedEx's alleged pattern or practice of excluding females from management in GOC; and (4) exclude evidence about certain statements made by Paul Tronsor. (Id.) Free responded on January 18, 2019. (ECF No. 93.)

For the following reasons, the parties' motions are GRANTED IN PART and DENIED IN PART.

**I.   Free's Motions in Limine**

    **A.   First: Internal Investigation Findings and Executive Committee or Legal Department Analysis**

Free filed internal EEO (IEEO) and Guaranteed Fair Treatment Procedure (GFTP) grievances after she did not get the GOC manager position. (ECF No. 87 at 1501.)[1] After the IEEO and GFTP processes concluded, FedEx's Executive Committee, Appeals Board, and legal department assessed Free's claims. (Id.) Free argues that the Court should exclude any references to the the IEEO and GFTP findings -- as well as the Executive Committee, Appeals Board, and legal department's assessments -- because that evidence is irrelevant and, even if it were relevant, its potential for unfair prejudice and confusion substantially outweighs its probative

---

[1] Unless otherwise noted, all pin cites for record citations are to the "PageID" page number.

2

value.  (ECF No. 87 at 1502.)  Other than legal department assessments of Free's claims, which FedEx says it does not intend to introduce, FedEx contends that the evidence is relevant and not unfairly prejudicial.[2] (ECF No. 95 at 1695.)

The IEEO and GFTP determinations, along with Executive Committee and Appeals Board assessments, should be excluded under Rule 403.  Their probative value is substantially outweighed by the likelihood that their admission would confuse or mislead the jury.  Introducing that evidence would usurp the jury's factfinding function by providing independent, uniform conclusions that Free did not suffer discrimination when FedEx denied her the GOC Manager position.  Doing so could "confuse[] the jury into thinking that the issue was already decided."  Lewis v. City of Chicago, 590 F.3d 427, 442 (7th Cir. 2009) (affirming district court's exclusion of an EEOC decision and the City of Chicago's internal investigation in a Title VII case).  Although internal investigations may not carry the same imprimatur as governmental investigations, their conclusions risk biasing a jury's perception of the evidence.  Permitting the IEEO and GFTP findings and the

---

[2] FedEx contends that, apart from the outcomes of the IEEO and GFTP investigations, it should be permitted to present evidence that Free initiated the IEEO and GFTP processes to show that FedEx has "safeguards to review hiring decisions," which, FedEx argues, "directly address[es] the intent of FedEx." (ECF No. 95 at 1697.)  Free's motion does not stand in FedEx's way.  It only seeks to exclude what the IEEO and GFTP findings were and how the Executive Committee, Appeals Board, and legal department assessed those findings.  It does not seek to exclude evidence that those investigations existed.

3

Executive Committee and Appeals Board assessments to come in at trial could lead jurors to second guess their independent assessment of the proof.

FedEx contends that Free has opened the door to this evidence because she identified documents associated with the IEEO and GFTP as trial exhibits. (ECF No. 95 at 1696.) Free, however, said in the proposed joint pretrial order that she would exclude those exhibits if the Court granted her First Motion in Limine. (See Pretrial Order at 7, 8, 9, 11, 12, 13, 14.)

With that understanding, Free's First Motion in Limine is GRANTED. Should Free seek to introduce documents associated with IEEO and GFTP at trial, FedEx can raise the issue then.

**B. Second: FedEx's Undisclosed Witnesses**

Free asks the Court to preclude Marie Harper and Kathy Howell from testifying at trial because they were not identified by FedEx in its Rule 26 initial disclosures or in discovery. (ECF No. 88 at 1521.)

Rule 26 provides that a party must give the name "of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). "[I]f the party learns that in some material respect the disclosure or

4

response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing," the disclosing party "must supplement or correct its disclosure or response." Id. at 26(e)(1)(A).

Rule 37 provides the penalty for failing to comply with Rule 26: "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at trial, unless the failure was substantially justified or harmless." Id. at 37(c)(1).

Rule 37 does not preclude Harper or Howell's testimony. As to Harper, a party violates Rule 26(e)(1)(A) by failing to supplementarily disclose a witness only if that witness had not otherwise been made known to the opposing party "during the discovery process." Free became aware of Harper during discovery. As FedEx points out, Free identified multiple timely produced documents as trial exhibits where Harper's name comes up, including two letters from Harper to Free and two letters on which Harper was copied. (See ECF No. 97-1.)

As to Howell, FedEx complied with Rule 26(e) by supplementing its initial disclosures to identify Howell as a potential witness before the close of discovery. Free's citation to Johnson v. Peake, No. 08-2472 (W.D. Tenn. June 7, 2010), is inapposite. In that

5

case, "Defendant's disclosure came more than five months after the close of discovery."  (ECF No. 88-4 at 1563.)

Because Howell intends to testify about Free's current pay grade and what her pay grade would have been as a GOC Manager, Free contends that Howell's testimony should be precluded as irrelevant because Free is no longer claiming any loss related to pay grade or salary.  (ECF No. 88 at 1527.)  Howell's testimony will be relevant.  "[A]n increased salary" is among the factors the jury will consider when it determines whether the GOC Manager position would have been a promotion for Free.  <u>Mitchell v. Vanderbilt Univ.</u>, 389 F.3d 177, 183 (6th Cir. 2004).

Free's Second Motion in Limine is DENIED.

**C.   Third: Free's Prior Lawsuit Against FedEx**

Free asks the Court to preclude FedEx from offering any testimony about Free's prior lawsuit against FedEx.  (ECF No. 89 at 1565.)  In its response, FedEx says that it "does not intend to introduce any testimony regarding Free's prior discrimination lawsuit."  (ECF No. 96 at 700.)

Free's Third Motion in Limine is therefore GRANTED.

**II. FedEx's Motions in Limine**

    **A. First: "Other Acts"[3]**

FedEx asks the Court to exclude "other acts" evidence, which, "[i]n the employment discrimination context, . . . consists of testimony or other evidence of discrimination by the employer against non-party employees." Griffin, 689 F.3d at 598. Specifically, FedEx seeks to exclude testimony and other evidence about: (1) Cheri Ann Huston's non-selection for a GOC manager position; (2) Amy Lindsey's non-selection for a GOC manager position; (3) Angie Pate's discussions about applying for a manager position; (4) Ronda Doyle's demotion; and (5) Nancy Janneck's application for an AOC position. (ECF No. 85-1 at 1466.) FedEx also seeks to exclude, more broadly, testimony and other evidence regarding employees' opinions about FedEx's general treatment of female employees and/or employees who complain of discrimination. (Id. at 1465.)

In her response, Free says she does not intend to offer testimony from Hutson, Lindsey, or Pate, or about any employee's claims of retaliation or discrimination. (ECF No. 93 at 1673.) She says she will introduce testimony from Doyle and Janneck to

---

[3] The parties refer to "me too" and "other acts" evidence interchangeably. Case law uses both terms to mean the same thing. See Griffin v. Finkbeiner, 689 F.3d 584, 597 (6th Cir. 2012) ("This challenge requires us to enter the unsettled evidentiary terrain of "other acts" or "me too" evidence."). The Court will use "other acts."

7

show "a culture of workplace discrimination, Mr. Tronsor's influence and control over the GOC hiring process, and [Doyle and Janneck's] personal experiences in the Memphis GOC department." (Id.) More particularly, Free says that she does not intend to introduce evidence that Doyle's demotion was a result of sex discrimination or that Janneck experienced sex discrimination when she sought an AOC position. (Id. at 1673, 1675.)

Free, in effect, largely concedes that she will not offer the "other acts" evidence FedEx's First Motion in Limine seeks to exclude. There are, however, two pieces of evidence Free plans to introduce that FedEx's First Motion in Limine may reach: (1) Doyle's testimony about "a lack of females in the GOC department, failure to follow policies[,] and a discriminatory culture resulting from Tronsor's influence and control," which includes testimony about Tronsor's discriminatory remarks; and (2) Janneck's deposition testimony about her impression that GOC harbors a discriminatory environment. (ECF No. 93 at 1673-75).

The Court cannot determine at this time whether Doyle's testimony will constitute impermissible "other acts" evidence. "The Supreme Court has instructed lower courts not to apply a per se rule excluding 'other acts' testimony from non-parties alleging discrimination by supervisors who did not play a role in the challenged decision." Griffin, 689 F.3d at 598 (citing

8

Sprint/United Mgmt. Co. v. Mendelsohn, 552 U.S. 379, 380-81, 387 (2008)). "Whether such evidence is relevant is a case-by-case determination that 'depends on many factors, including how closely related the evidence is to the plaintiff's circumstances and theory of the case.'" Id. (quoting Sprint, 552 U.S. at 388). The Court does not know exactly what Doyle will say and therefore cannot rule on her testimony's admissibility. The three subjects Free represents Doyle's testimony will address do not appear to implicate "other acts" evidence as they are not necessarily about sex discrimination Doyle suffered at FedEx. To the extent FedEx believes Doyle's testimony at trial amounts to impermissible "other acts" evidence, FedEx may object then. A blanket exclusion of "other acts" evidence, however, is not appropriate. See id. at 599 ("[T]he court should consider the admissibility of evidence regarding each employee individually rather than issue a blanket ruling as to all proposed 'other acts' evidence.").

As for Janneck, Free plans to introduce her deposition testimony recounting her impression that Memphis GOC had a discriminatory atmosphere. In her testimony, Janneck said of her time at Memphis GOC:

> There's just an air that, you know, why haven't you already quit? Isn't somebody taking care of you? Just that viewpoint that women shouldn't necessarily be in the area. That's just like a – like I said, it's an air that you feel when you walk into a room. . . .

9

> I think that's a cultural difference that I felt being in Memphis whenever I was down there based on – based on a stereotype that women wouldn't typically be there. (ECF No. 93 at 1675.)

Free argues that this testimony is "directly relevant to the culture of Memphis GOC and how women were perceived in Memphis." (ECF No. 93 at 1675.) FedEx contends that "opinions of how . . . FedEx generally treats female employees" should be excluded under Rules 402, 403, 602 and 701. (ECF No. 85-1 at 1473.)

Janneck's deposition testimony is vague, conclusory, and apparently not based on observed discriminatory acts, such as innappropriate statements. It is not, however, irrelevant. It is weak circumstantial evidence suggesting the existence of a discriminatory atmosphere, which "may serve as circumstantial evidence of individualized discrimination." Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 356 (6th Cir. 1998). Janneck's impression makes it slightly more likely than not that GOC did have a discriminatory atmosphere, which makes it slightly more likely than not that Free was discriminated against when she was denied the GOC manager position. The Court does not find that this testimony's probative value is substantially outweighed by the risk of unfair prejudice. Although the sources of Janneck's impressions are not specified, her testimony is based on firsthand perceptions she had while physically present at Memphis GOC and is

therefore based on personal knowledge. And Janneck's testimony is not improper opinion testimony because: (1) it is based on her own experience at GOC; (2) it can help the jury determine whether there is sufficient circumstantial evidence to prove that Free suffered sex discrimination; and (3) it is not based on scientific, technical, or other specialized knowledge.

FedEx's First Motion in Limine is GRANTED insofar as it seeks to exclude evidence about: (1) Cheri Ann Huston's non-selection for a GOC manager position; (2) Amy Lindsey's non-selection for a GOC manager position; and (3) Angie Pate's discussions about applying for a manager position. It is also GRANTED insofar as it seeks to preclude testimony by Doyle that her demotion was a result of sex discrimination and testimony by Janneck that she experienced sex discrimination when she applied for an AOC position. It is DENIED insofar as it seeks a blanket exclusion of "other acts" evidence. It is also DENIED insofar as it seeks to exclude Janneck's deposition testimony about an air of discrimination against women at GOC.

### B. Second: Free's Retaliation Claim and Non-Selection for the July 2013 GOC Manager Position

FedEx asks the Court to exclude any evidence of Free's retaliation claim and any evidence about her application and non-selection for the July 2013 GOC Manager position. (ECF No. 86-1 at 1497.) In her response, Free says she does not intend to offer

11

any such evidence. (ECF No. 93 at 1676-77.) FedEx's Second Motion in Limine is therefore GRANTED.

**C.     Third: History of Excluding Women from Management in GOC**

FedEx asks the Court to exclude evidence of an alleged history of excluding women from management in GOC. (ECF No.90-1 at 1578.) In particular, FedEx seeks to exclude evidence of hiring outcomes for nine GOC Manager job postings, only one of which was filled by a woman.[4] (Id. at 1576-78) FedEx also asks the Court to exclude evidence from current or former FedEx employees about hiring decision practices as they relate to women. (Id.) FedEx contends this evidence is irrelevant or unfairly prejudicial.

Free contends that "[t]he miniscule number of females in management positions, [FedEx's] knowledge of this issue, [FedEx's] policies designed to rectify these issues, and the perpetuation of underutilization of women in the department are circumstantial evidence that [FedEx] intended to discriminate against Ms. Free." (ECF No. 93 at 1679.) Free "intends to introduce evidence that [FedEx's] failure to follow its internal policies and manipulation of the hiring process in favor of Rudy Cruz, along with the history of past hiring decisions, have the cumulative effect of the perpetuation of an all-male environment, which existed at the time of the March 2013 GOC Manager hiring decision." (Id.)

---

[4] FedEx references ten job postings, but one is the one at issue in this case.

First, past hiring decisions related to other GOC Manager position job postings should be excluded. Although "pattern-or-practice evidence may be relevant to proving an otherwise-viable individual claim for disparate treatment," Bacon v. Honda of America Mfg., Inc., 370 F.3d 565, 575 (6th Cir. 2004), inclusion of such evidence is not always appropriate. FedEx contends: "[A]ll hiring decisions [that FedEx expects Free to try to introduce] were made by a variety of decisionmakers, including many who did not participate in the hiring decision at issue in this lawsuit. Further, without information about the qualifications of the applicants, these facts shed no light on whether FedEx intended to discriminate against Free because she is female." (ECF No. 90-1 at 1581.)

FedEx's argument is, for the most part, well-taken. A history of a lack of female GOC managers has some relevance to Free's claim; Free's claim would be weaker if GOC's management included more women. But the issues identified by FedEx make this history's probative value quite weak. It is substantially outweighed by the potential for unfair prejudice, for undue delay, and to confuse the issues. If the history of past GOC manager employment decisions were permitted at trial, the Court would afford FedEx the opportunity to put on proof about how those hiring processes differed from the one at issue in this case and about the

13

qualifications of the applicants. The jury's attention would be diverted into multiple mini-trials about other instances of alleged discrimination. Free does not cite, and the Court has not found, any case where similar historical failure-to-hire evidence was permitted to support a discriminatory treatment claim.

Second, evidence of FedEx's failure to follow its internal policies in evaluating Free's candidacy for the 2013 GOC Manager position, including any manipulation of the hiring process in favor of Rudy Cruz, should not be excluded. The Sixth Circuit has held that a jury is entitled to consider the failure of employers to follow their internal policies as evidence of pretext. See Coburn v. Rockwell Automation, Inc., 238 F. App'x 112, 126 (6th Cir. 2007); Deboer v. Musashi Auto Parts, Inc., 124 F. App'x 387, 394 (6th Cir. 2005).

FedEx's Third Motion in Limine is GRANTED insofar as it seeks to exclude evidence of GOC manager hiring outcomes other than Free's in March 2013. It is DENIED to the extent it seeks to exclude FedEx's failure to follow internal policies related to Free's candidacy for the March 2013 GOC Manager position.

**D. Fourth: Certain Statements Made by Paul Tronsor**

FedEx asks the Court to exclude any testimony or other evidence about certain statements made by Paul Tronsor as irrelevant or unfairly prejudicial. (ECF No. 91-1.) The Court

14

has ruled that many of the remarks cited by FedEx, although not "conclusive proof" of discrimination, "'add color' to the employer's decision-making process and to the influences behind the actions taken with respect to the individual plaintiff." (ECF No. 74 at 1425 (quoting Steeg v. Vilsack, No. 5:13-cv-00086, 2016 WL 6465915, at *2 (W.D. Ky. Oct. 28, 2016)).) Those statements were among the pieces of evidence the Court concluded were, when taken together, enough for a jury to find that FedEx's proffered reason for failing to hire Free as a GOC manager was pretextual. (Id.) That conclusion applies equally to the additional comments FedEx cites. All the comments cited by FedEx are relevant. FedEx makes no argument as to why their inclusion at trial would be unfairly prejudicial.

FedEx's Fourth Motion in Limine is DENIED.

**III. Conclusion**

For the foregoing reasons, the parties' motions are GRANTED IN PART and DENIED IN PART.

So ordered this 25th day of January, 2019.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE